# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~~

**Abdul K. Hassan, Esq.**  Tel: 718-740-1000
Email: abdul@abdulhassan.com  Fax: 718-740-2000
*Employment and Labor Lawyer*  Web: www.abdulhassan.com

May 15, 2020

**Via ECF**

Hon. Vernon S. Broderick, USDJ
United States District Court, SDNY
40 Foley Square
New York, NY 10007

<u>Re: Rubio v. BSDB Management Inc. et al</u>
Case No. 19-CV-11880 (VSB)(SN)
**Joint Letter**

Dear Judge Broderick:

My firm represents plaintiffs in the above-referenced action and I respectfully write to provide the Court with this joint letter as per Your Honor's May 11, 2020 order.

**1. Brief description of the case**

This is an action to recover overtime wages and unpaid wages on behalf of plaintiff under the FLSA and New York Labor Law ("NYLL").

(a) **The factual and legal bases for the claim(s), as described by Plaintiffs.**

A recitation of the pertinent facts can be found in plaintiff's complaint. In essence, however, plaintiff alleges that he was employed by defendants as a maintenance person. Plaintiff was not paid at least 1.5 times his regular rate for weekly hours over forty. Plaintiff also seeks maximum recovery for violations of NYLL §195(1) and NYLL § 195(3) from Defendants for not receiving the required notice (s) and statement(s). Plaintiff also brings claims for attorney's fees and costs.

(b) **The factual and legal bases for the defense(s), as described by Defendants.**

Defendants' Defenses and Counterclaims in the action are as follows:

Plaintiff was the head of a department, the Maintenance and Engineering department, in the residential health care facility where he was employed. As such, he is not entitled to overtime. Moreover, he was the person who hired and fired, as well as assigned his staff, and was responsible to assign and manage their time efficiently and to be in compliance with law. As the head of the department, he was the person who reported to the payroll department the work time of his employees and their other entitlements.

Defendants have discovered that, as department head, Plaintiff overstated his own hours and put in for payments, including overtime that he did not actually work, so that he was not entitled to be paid at all for, not even at straight time. Additionally, Plaintiff would sign in for work at the security desk and then leave the facility, only to return to sign out at the end of the day, while reporting that he worked a full week. Essentially, this was so as to create false records in support of his future potential claims. These discoveries led to Plaintiff's termination.

Defendant is not entitled to his claim for the further reason that he was in charge of assignment of staff and was not required to schedule himself for any time over his regular workweek. There were always adequate staff available to do the work of the department. The facility policy was to engage adequate staff to do the work required, by this as well as all departments. As also pointed out heretofore, the claims being made are fraudulent and not accurate.

Defendant was charged with the duty of complying with all reporting requirements for his department, as department head. When he was hired as head of the department, he represented that he was possessed of knowledge of, and ability to comply with, all such reporting requirements, and would do so. Plaintiff assumed fiduciary obligations to his employer in the execution of his duties to perform his duties honestly and dutifully, especially as department head. He utterly failed in the execution of these duties and is liable to Defendant therefor.

Defendants have raised defenses, including lack of privity with the individual Defendants, lack of privity with any of the Defendants for much of the claims, statute of limitations, failure to sue the correct party. To the extent that any of Plaintiff's claims may be held to be valid, they are subject to setoff and counterclaims.

Defendants have raised counterclaims to recover the amounts due for Plaintiff's theft of services. There are additional counterclaims based on Plaintiff's misuse of the company credit card for personal purchases, theft of tools and other company property, and for improperly approving overtime to members of his staff who had not actually worked such overtime hours. The motive for his actions in this regard is not yet known. It may become known in discovery.

### 2. Jurisdiction and Venue

This Court has jurisdiction over the FLSA claims under 29 USC § 216(b) and 28 U.S.C. §§ 1331, and supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367. In terms of venue, Defendant was incorporated in the State of New York and had its principal location in the county of Bronx in the State of New York.

BSDB Management Inc. is the name under which BSD Management Inc., a Delaware corporation, operates and is authorized to do business in New York, with its principal offices located in Bronx, NY.

### 3. Contemplated Motions

Plaintiff anticipates making a motion for summary judgment at the conclusion of discovery.

There are a number of possible motions Defendants may make. First, the individual defendants are improperly brought into the case. Second, since BSDB Management Inc. came into existence in 2009, any claims arising prior to that time should be dismissed. Third, the applicable statute of limitations bars some of the other claims.

### 4. A Brief Description of any Discovery

No discovery has been conducted. The parties intend to follow the case management plan entered by the Court.

### 5. Prospect for Settlement.

There have been no settlement discussions. However, mediation through the Southern District's Mediation Program, was scheduled but adjourned because of the Covid-19 crisis.

The parties are currently schedule for mediation on June 9, 2020 at 11:00 AM in Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY 10007.

### 6. Length of Trial

The parties estimate that the length of trial should be four to five days.

### 7. Other relevant information

None at this time.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____

By: Abdul K. Hassan, Esq.

**cc:     Defense Counsel via ECF**