**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Manuel Rubio,<br><br>                              Plaintiff,<br><br>          -v-<br><br>BSDB Management Inc.,<br>Marvin Neiman, and<br>Dove Lebovic,<br><br>                              Defendants. | **Civ. Action #: 19-CV-11880**<br>**(VSB)(SN)**<br><br>**SUPPORTING MEMORANDUM**<br>**OF LAW** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR**
**JUDGMENT ON THE PLEADINGS DISMISSING DEFENDANTS'**
**COUNTERCLAIMS, ETC.**

ABDUL HASSAN LAW GROUP, PLLC
By: Abdul K. Hassan, Esq.
*Counsel for Plaintiff*
215-28 Hillside Avenue,
Queens Village, NY 11427
Tel: 718-740-1000

SERVED ON OCTOBER 25, 2020

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT.......................................................................................... 1

II.    FACTUAL SUMMARY ................................................................................................... 3

III.   PLEADING STANDARD ................................................................................................ 3

IV.    ARGUMENT .................................................................................................................... 4

   1.   DEFENDANTS' THREE COUNTERCLAIMS ARE BARRED BY NYLL § 193, AND MUST
        BE DISMISSED AS A MATTER OF LAW .................................................................................. 4

   2.   DEFENDANTS' FIRST COUNTERCLAIM BASED ON PURPORTED FRAUD IN
        REPORTING HOURS MUST BE DISMISSED – IT IS NOT PLED WITH PARTICULARITY AND
        NO ACT OF FRAUD/MISREPORTING IS IDENTIFIED – BECAUSE NONE EXISTS ................... 8

   3.   DEFENDANTS' SECOND PURPORTED CONVERSION COUNTERCLAIM MUST BE
        DISMISSED – IT DOES NOT SPECIFICALLY IDENTIFY ANY ALLEGEDLY CONVERTED
        PROPERTY AND IS           SPECULATIVE, ETC. ......................................................... 10

   4.   DEFENDANTS' PLACE HOLDER THIRD CAUSE OF ACTION MUST BE DISMISSED
        ESPECIALLY BECAUSE DEFENDANTS' DUTIES UNDER THE FLSA AND NYLL ARE NON-
        DELEGABLE, ETC. ................................................................................................................ 14

V.     CONCLUSION ............................................................................................................... 16

# TABLE OF AUTHORITIES

## Cases

*Acito v. MCERA Group, Inc.*,
  47 F.3d 47, 52 (2d Cir. 1995) ................................................... 9

*Aetna Cas. and Sur. v. Aniero Concrete*,
  404 F.3d 566, 583 (2d Cir. 2005) .............................................. 9

*Am. Lecithin Co. v. Rebmann*,
  No. 12-CV-929 (VSB), 2017 WL 4402535 at 43 (S.D. N.Y. Sept. 30, 2017) ........................... 9

*AMF Inc. v. Algo Distributors, Ltd.*,
  48 A.D.2d 352, 356, 369 N.Y.S.2d 460, 464 (1975) .............................................. 11

*Anderson v. Mt. Clemens Pottery Co.*,
  328 U.S. 680, 687-688 (1946) ................................................. 14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................ *passim*

*Baiul v. NBC Sports*,
  No. 15-CV-9920 (KBF), 2016 WL 1587250, at 12 (S.D. N.Y. Apr. 19, 2016), *aff'd sub nom.*
  *Baiul v. NBC Sports, a division of NBCUniversal Media LLC*, 708 F. App'x 710 (2d Cir. 2017)
  ......................................................................... 12

*Barbagallo v. Marcum LLP*,
  925 F. Supp. 2d 275, 298 (E.D.N.Y. 2013) ...................................... 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 561-62, 570 (2007) ........................................... *passim*

*Burke v. Steinmann*,
  No. 03 Civ. 1390 (GEL), 2004 WL 1117891, at 6 (S.D. N.Y. May 18, 2004) .......................... 7

*Cf. Gliatta v. Tectum, Inc.*,
  211 F. Supp. 2d 992, 1008-09 (S.D. Ohio 2002) ................................ 2

*Cf. Ground Zero Museum Workshop v. Wilson*,
  813 F. Supp. 2d 678, 708 (D. Md. 2011) ...................................... 16

Cf. *Hughes Blanton, Inc. v. Shannon*,
  581 S.W.2d 538, 539 (Tex. Civ. App. 1979) ............................................................ 11

*Charles H. Greenthal Management Corp. v. Waldes*,
  No. 653211/2017, 2018 WL 987028, at 1 (N.Y. Sup. Ct. Feb. 16, 2018) .................. 7

*Cheeks v. Freeport Pancake House, Inc.,*
  796 F.3d 199 (2d Cir. 2015) ..................................................................................... 2

*Cohen v. Stephen Wise Free Synagogue*,
  No. 95 Civ. 1659, 1996 WL 159096, 4 (S.D. N.Y. April 4, 1996) ............................ 7

*eCommission Sols., LLC v. CTS Holdings, Inc.*,
  15-cv-2671 (KBF), at 9 (S.D. N.Y. Mar. 13, 2017) .................................................. 9

*Fed. Ins. Co. v. Rodman, LLC*,
  No. 3:10-CV-2042-B, 2011 WL 5921529, at 5 (N.D. Tex. Nov. 28, 2011) ............... 13

*Flores v. Mamma Lombardis of Holbrook, Inc.*,
  942 F. Supp. 2d 274, 278 (E.D. N.Y., 2013) ............................................................ 1

*Gortat v. Capala Bros.,*
  585 F. Supp. 2d 372, 375–76 (E.D.N.Y. 2008), aff'd, 568 F. App'x 78 (2d Cir. 2014) ............. 6

*Great W. Ins. Co. v. Graham*,
  18-CV-6249, 2020 WL 3415026 (VSB), at 17 (S.D.N.Y. June 22, 2020) ................ 14

*IBP, Inc. v. Alvarez,*
  546 U.S. 21, 22, 126 S. Ct. 514, 517, 163 L. Ed. 2d 288 (2005) ............................ 15

*In re Anchrum*,
  No. 12-00128-BGC, 2013 WL 5352631, at 4 (Bankr. N.D. Ala. Sept. 23, 2013) .................... 12

*In re Brizinova*,
  554 B.R. 64, 83 (Bankr. E.D. N.Y. 2016) ................................................................ 11

*In re Harvard Knitwear, Inc.,* 1
  53 B.R. 617, 624 (Bankr. E.D.N.Y. 1993) ............................................................... 11

*Jacques v. DiMarzio, Inc.*,
  200 F. Supp. 2d 151, 163 (E.D.N.Y. 2002) ................................................................. 1

*Kopperl v. Bain*,
  23 F. Supp. 3d 97, 105 (D. Conn. 2014) ................................................................. 12

*Kuebel v. Black & Decker Inc.,*
  643 F.3d 352, 363 (2d Cir., 2011) ......................................................................... 14

*Montgomery v. Holland*,
  408 F. Supp. 3d 353, 361 (S.D. N.Y. 2019) ............................................................. 3

*Nuss v. Sabad*,
  976 F. Supp. 2d 231, 252 (N.D. N.Y. 2013) ........................................................... 11

*Phelps Oil & Gas, LLC v. Noble Energy, Inc.,*
  No. 14-CV-2604-REB-CBS, 2016 WL 9735740, at 3 (D. Colo. Sept. 28, 2016) ................... 12

*Reich v. Southern New England Telecommunications Corp.*,
  121 F.3d 58, 66 -67 (2d Cir. 1997) ....................................................................... 14

*Rodriguez v. It's Just Lunch Int'l*,
  07 Civ. 9227 (SHS) (KNF), at 10-11 (S.D. N.Y. Feb. 17, 2009) ................................. 9

*Sec. & Exch. Comm'n v. Botvinnik*,
  No. 18-CV-8182 (VSB), 2019 WL 4738900, at 2 (S.D. N.Y. Sept. 29, 2019) ..................... 9

*Soroof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC*,
  842 F. Supp. 2d 502, 513 (S.D. N.Y. 2012) ............................................................. 9

*Torres v. Gristede's Operating Corp*.,
  628 F. Supp. 2d 447, 471 (S.D. N.Y.2008) ............................................................. 1

*Ulrich v. Moody's Corp.*,
  No. 13-CV-00008 (VSB), at 10, 2014 WL 4977562 (S.D.N.Y. Sep. 30, 2014) ..................... 13

*United States ex rel. Gelbman v. City of N.Y.*,
  14-CV-771 (VSB), at 8 (S.D. N.Y. Sep. 30, 2018) ..................................................... 9

*United States ex rel. Van Voris v. GenPhar, Inc.,*

No. 2:09-CV-0005-RMG-KDW, 2016 WL 11257427, at 2 (D.S.C. Oct. 27, 2016) .................. 8

*Vega v. Hempstead Union Free Sch. Dist.*,
   801 F.3d 72, 78 (2d Cir. 2015) ............................................................... 3

*Walton v. Hadley*,
   No. 13-CV-7907 ER, 2014 WL 3585525, at 3 (S.D. N.Y. July 10, 2014). ............................... 3

## Statutes

12 NYCRR § 190-5.1 ............................................................................. 6

NYLL § 193 ............................................................................. 5, 6, 7, 8

## Rules

Fed .R. Civ. P. 9(b) ............................................................................. 2, 8, 9

Fed. R. Civ. P. 12(c) ............................................................................. 3

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ...................................................................................... 1

II.   FACTUAL SUMMARY ................................................................................................ 3

III.   PLEADING STANDARD ............................................................................................ 3

IV.   ARGUMENT ................................................................................................................ 4

  1.   DEFENDANTS' THREE COUNTERCLAIMS ARE BARRED BY NYLL § 193, AND MUST
  BE DISMISSED AS A MATTER OF LAW ........................................................................... 4

  2.   DEFENDANTS' FIRST COUNTERCLAIM BASED ON PURPORTED FRAUD IN
  REPORTING HOURS MUST BE DISMISSED – IT IS NOT PLED WITH PARTICULARITY AND
  NO ACT OF FRAUD/MISREPORTING IS IDENTIFIED – BECAUSE NONE EXISTS ................... 8

  3.   DEFENDANTS' SECOND PURPORTED CONVERSION COUNTERCLAIM MUST BE
  DISMISSED – IT DOES NOT SPECIFICALLY IDENTIFY ANY ALLEGEDLY CONVERTED
  PROPERTY AND IS            SPECULATIVE, ETC. .......................................................... 10

  4.   DEFENDANTS' PLACE HOLDER THIRD CAUSE OF ACTION MUST BE DISMISSED
  ESPECIALLY BECAUSE DEFENDANTS' DUTIES UNDER THE FLSA AND NYLL ARE NON-
  DELEGABLE, ETC. ....................................................................................................... 14

V.    CONCLUSION ........................................................................................................... 16

## I.   <u>PRELIMINARY STATEMENT</u>

Plaintiff Manuel Rubio ("Plaintiff" or "Rubio") submits the instant memorandum of law in support of his motion to dismiss the counterclaims of defendant BSDB Management, Inc. Marvin Neiman, and Dove Lebovic (collectively "Defendants").

Faced with obvious violations of the overtime requirements of the FLSA and NYLL which appear on the face of the pay records, Defendants have asserted baseless and retaliatory counterclaims against Plaintiff. Although the counterclaims are not adequately pleaded and are difficult to decipher, it appears that Defendants are suing Plaintiff for their own failure to pay him overtime wages and are seeking damages of no "less than $427427000,000, plus applicable interest."

On September 3, 2019, Plaintiff filed the instant action to recover unpaid overtime wages under the FSLA and NYLL,  along with claims for wage notice and wage statement violations, etc., under NYLL. More than 40 years after Plaintiff began working for it, more than a year after Plaintiff's employment ended and only after this case was filed, Defendants asserted counterclaim against Plaintiff – an act of retaliation under the FLSA and NYLL using claims that lack merit and only because Plaintiff filed this action. *See, e.g., Jacques v. DiMarzio, Inc.*, 200 F. Supp. 2d 151, 163 (E.D.N.Y. 2002) (characterizing a $500,000 counterclaim against a former employee as a "troubling" example of "in terrorem tactics"). As the court found in *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 471 (S.D. N.Y.2008), a class action involving the assertion of counterclaims against plaintiff who sued under the FLSA and the NYLL, "these counterclaims are so flimsy that they must have been made for another purpose: to punish the individual plaintiffs for joining the FLSA suit." *See also Flores v. Mamma Lombardis of Holbrook, Inc.*, 942 F. Supp. 2d 274, 278 (E.D. N.Y., 2013) (allowing plaintiffs to add retaliation claims under

the FLSA in response to counterclaims against them by defendants). *Cf. Gliatta v. Tectum, Inc.*, 211 F. Supp. 2d 992, 1008-09 (S.D. Ohio 2002).

The case was delayed somewhat because there was a change of counsel – the individual defendant Neiman was also acting as counsel for all Defendants in this action – a role that implicated the attorney/witness and conflict of interest rules. A mediation through this Court's program was held on September 24, 2020 and it is reasonable to conclude that the unmeritorious and retaliatory counterclaims were the main reason for the failure of the mediation. These improper counterclaims will also require large amounts of time and resources which is not in the best interests of anyone including the Court. As such, addressing and dismissing the retaliatory counterclaims at this point is necessary. In addition, given the Court's gatekeeper role under *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015), to protect the FLSA as well as the rights of the public and employees under the FLSA, the retaliatory counterclaims should be addressed and dismissed for this reason as well, sooner rather than later.

First, to the extend Defendants are claiming that Plaintiff acted negligently in performing his job, such a claim must be dismissed as a matter of law because the sole remedy for such alleged negligence is termination and not counterclaims. Very significantly, however, Defendants have not identified any specific act of negligence and all we have are conclusory, angry and wild allegations.

Second, to the extent Defendant is alleging intentional/fraudulent conduct, Defendants not only have to meet the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), but they also have to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b), which require specificity. Defendants failed to plead their counterclaim with the required specificity and dismissal of the counterclaims is therefore required.

## II.   <u>FACTUAL SUMMARY</u>

The allegations are more fully set forth in the complaint (ECF No. 1), and Defendants'
answer (ECF No. 6).

## III.   <u>PLEADING STANDARD</u>

Fed. R. Civ. P. 12(c) permits a party to move for judgment on the pleadings "[a]fter the
pleadings are closed—but early enough not to delay trial." "In deciding a motion for judgment
on the pleadings, a district court must 'employ the same standard applicable to Rule 12(b)(6)
motions to dismiss.'" *Montgomery v. Holland*, 408 F. Supp. 3d 353, 361 (S.D. N.Y. 2019),
quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015).  Similarly,
"[t]he legal standard on a Rule 12 motion is the same" when the court evaluates the sufficiency
of counterclaims as when the pleading in question is a complaint. *Walton v. Hadley*, No. 13-CV-
7907 ER, 2014 WL 3585525, at 3 (S.D. N.Y. July 10, 2014). Accordingly, in evaluating the
sufficiency of BSDB's counterclaims under Rule 12(c), the court must apply the principles
established by the U.S. Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), and
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007).

Although the court must accept all factual allegations in a counterclaim as true and draw
all reasonable inferences in the counterclaimant's favor, the court is not required to credit "mere
conclusory statements" or "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 at
678 (citing *Twombly*, 550 U.S. at 555). Moreover, a counterclaim may be dismissed if the facts
as pled do not state a claim for relief that is plausible on its face. *See Iqbal,* 556 U.S.  at 679
(explaining "only a complaint that states a plausible claim for relief survives a motion to
dismiss"). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than
labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (internal citations and emphasis omitted). In *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

## IV.   ARGUMENT

### 1.  DEFENDANTS' THREE COUNTERCLAIMS ARE BARRED BY NYLL § 193, AND MUST BE DISMISSED AS A MATTER OF LAW

As and for their first counterclaim, Defendants state in relevant part as follows (Answer ¶¶ 67-70):

> 67 Since he was manager of the department, Plaintiff was the one who approved the overtime hours for the employees of the maintenance department.

> 68 Plaintiff often approved hours and extra hours for himself even if not warranted or actually worked.

> 69. Plaintiff also improperly approved of extra hours for some of his subordinates even if not warranted or actually worked.

> 70. The full amount of Plaintiff's theft by over reporting his and others hours is still to be determined but is at least $157,000.

The first oddity and contradiction one notices about Defendants' counterclaim is that while claiming in conclusory fashion that Plaintiff was salaried, Defendants at the same time confirm and even base their counterclaim on the fact that Plaintiff was paid based on the hours he worked and reported – that he was actually an hourly employee who is owed overtime wages based on the very records that Defendants have produced in this case.

As and for its second counterclaim, Defendants state in relevant part as follows (Answer ¶ 74, 78):

4

74 After Plaintiff was let go, it was discovered that virtually nothing remained in the facility of all the tools, supplies and materials that Plaintiff had purchased through the use of the business credit card.

78 The full value of the property that Plaintiff has converted is still to be determined but is at least $270,000.

As and for its third and final counterclaim, Defendants allege in relevant part as follows (Answer ¶ 84-85):

84. BSDB has instituted an investigation to seek to ascertain if there were any other improprieties, defalcations and larcenies that Plaintiff engaged in during his employment.

85. As a result of Plaintiff's wrongful breach of contract, duties and fiduciary duties, BSDB has sustained damages in an amount to be determined at trial, but in no event less than $427,000.

While Defendants' counterclaim allegations about wrongdoing are false, for purposes of this motion, we will take any well pleaded factual allegation as true and draw all reasonable inferences in favor of Defendants.

As to all three of Defendants counterclaims, to the extent they are based on conduct such as negligence, recklessness etc., that does not rise to the level of fraud, they must be dismissed as a matter of law pursuant to NYLL § 193 which prohibits claims against employees for losses caused on the job as well as direct and indirect wage deductions.

NYLL § 193 states in relevant part as follows:

1. No employer shall make any deduction from the wages of an employee, except deductions which:

a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency including regulations promulgated under paragraph c and paragraph d of this subdivision; or

b. are expressly authorized in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only given following receipt by the employee of written notice of all terms and conditions of

the payment and/or its benefits and the details of the manner in which deductions will be made…

The regulation implementing NYLL § 193 at 12 NYCRR § 190-5.1, states in relevant part as follows:

### Section 190-5.1. Deductions and expenses

(a) Wages shall not be subject to deductions, except for allowances authorized by this order and deductions authorized or required by law, such as withholding and social security taxes. Prohibited deductions include, but are not limited to:

(1) deductions for spoilage or breakage;
(2) deductions for cash shortages or losses; and
(3) fines or penalties for tardiness, misconduct or quitting without notice.

In other words, employers are required to accept as the costs of doing business and without any recourse against the employee, "cash shortages or losses" and even losses caused by "misconduct." In *Gortat v. Capala Bros.,* 585 F. Supp. 2d 372, 375–76 (E.D.N.Y. 2008), aff'd, 568 F. App'x 78 (2d Cir. 2014), the Court dismissed negligence counterclaims by employer against employees and stated in relevant part as follows:

New York Labor Law § 193 (McKinney 2008) prohibits employers from making any deduction from employee wages except as required by law or regulation or as authorized by the employee for his or her benefit. *Hudacs v. Frito–Lay, Inc.,* 90 N.Y.2d 342, 346–47, 660 N.Y.S.2d 700, 683 N.E.2d 322 (1997); *see also In re Claim of La France,* 173 A.D.2d 989, 569 N.Y.S.2d 505, 506–07 (1991) (holding that a contract provision allowing for wage deductions for employee negligence was in violation of Section 193). Section 193 likewise prohibits claims against former employees for allegedly negligent acts or for lost profits caused by poor performance. *Burke v. Steinmann,* No. 03 Civ. 1390(GEL), 2004 WL 1117891, at *6 (S.D.N.Y. May 18, 2004); *see also Rivers v. Butterhill Realty,* 145 A.D.2d 709, 710–11, 534 N.Y.S.2d 834 (N.Y.App.Div.1988) (finding that if plaintiff was an employee rather than an independent contractor, Section 193 would proscribe employer's counterclaim for damages stemming from plaintiff's inadequate job performance). While negligence claims are not obvious examples of attempted wage deduction, they are treated as such to prevent employers from circumventing the protection of employee wages that Section 193 provides. *Cohen v. Stephen Wise Free Synagogue,* No. 95 Civ. 1659(PKL), 1996 WL 159096, at *4 (S.D.N.Y. April 4, 1996); *accord Pachter v. Bernard Hodes Group, Inc.,* No. 03 Civ. 10329(RPP), 2005 WL 2063838, at 7

6

(S.D.N.Y. Aug. 25, 2005) (stating that defendant employer is not permitted to do indirectly what it cannot do directly), *rev'd on other grounds,* 541 F.3d 461 (2d Cir.2008). An employer's sole remedy under New York law for an employee's poor performance is termination. *Steinmann,* 2004 WL 1117891 at 7; *Guepet v. Int'l TAO Sys., Inc.,* 110 Misc.2d 940, 443 N.Y.S.2d 321 (1981). The defendants' counterclaim for negligence therefore is legally insufficient and must be dismissed.

Notably, as the NY Court of Appeals explained in *Pachter*, NYLL § 193 applies to all employees, regardless of position and compensation level. *See also Cohen v. Stephen Wise Free Synagogue*, No. 95 Civ. 1659, 1996 WL 159096, 4 (S.D. N.Y. April 4, 1996) ("It is true that defendant's counterclaims are not an obvious example of attempted wage deductions. However, if such claims are not treated as such, the goal of § 193, which is to afford protection of the wages of employees, could easily be circumvented").

In *Barbagallo v. Marcum LLP*, 925 F. Supp. 2d 275, 298 (E.D.N.Y. 2013), the court dismissed claims by employer against its ex-accountant on the ground that he made errors "in issuing bills to clients and collecting on outstanding accounts receivables" The court reasoned that because of NYLL § 193, "an employer cannot sue an employee for negligence or poor performance." *Id. See also Burke v. Steinmann,* No. 03 Civ 1390 (GEL), 2004 WL 1117891, at 6 (S.D. N.Y. May 18, 2004) (under NYLL § 193, "employers may not assert a claim of damages against an employee for the employee's alleged negligent acts, or sue employees for lost profits caused by alleged poor performance"). Other courts have held that the NYLL § 193 prohibition on employer claims against employees applies to alleged employee misconduct more serious than mere negligence. For example, in *Charles H. Greenthal Management Corp. v. Waldes*, No. 653211/2017, 2018 WL 987028, at 1 (N.Y. Sup. Ct. Feb. 16, 2018), the court dismissed under NYLL § 193 an employer's claims that its employee engaged in "a series of reckless, negligent

and violative acts and omissions which caused substantial economic damages to the owners of a number of properties."

Here, once again, to the extent Defendants' counterclaims are based on conduct less than fraud, they must be dismissed pursuant to NYLL § 193.

### 2. DEFENDANTS' FIRST COUNTERCLAIM BASED ON PURPORTED FRAUD IN REPORTING HOURS MUST BE DISMISSED – IT IS NOT PLED WITH PARTICULARITY AND NO ACT OF FRAUD/MISREPORTING IS IDENTIFIED – BECAUSE NONE EXISTS

We have explained above, that to the extent Defendants' counterclaims are based on any conduct less than fraud, they must be dismissed as a matter of law pursuant to NYLL § 193. However, to the extent Defendants' counterclaims are based on fraud or similar conduct, they must be dismissed because Defendants' failed to satisfy the heightened pleading requirements of FRCP 9(b) in fact, Defendants' pleading fails to satisfy the *Iqbal/Twombly* and even the much lower standard before *Iqbal* and *Twombly*.

Although insufficiently and inadequately pleaded on several grounds, to the extent Defendant is trying to allege intentional fraud in reporting and obtaining payment for hours worked, Defendants' counterclaims must not only satisfy the *Iqbal* and *Twombly* standards – they are also subject to the heightened particularity requirements contained in Fed. R. Civ. P. Rule 9(b). *See, e.g., United States ex rel. Van Voris v. GenPhar, Inc.*, No. 2:09-CV-0005-RMG-KDW, 2016 WL 11257427, at 2 (D.S.C. Oct. 27, 2016) (Rule 9(b) applied to allegations, among other things, of defendant company's alleged "use of fraudulent time sheets to obtain grant funds"). Rule 9(b) provides, in pertinent part, that "in all averments of fraud ... the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). The rule is designed to "provide a defendant with fair notice of a plaintiffs claim, to safeguard a defendant's reputation from 'improvident charges of wrongdoing,' and to protect a defendant against the institution of a strike

suit." *Acito v. MCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995).

Moreover, the Second Circuit has held that, like intentional fraud, negligent misrepresentation claims also "must be pled in accordance with the specificity criteria of Rule 9(b)." *Aetna Cas. and Sur. v. Aniero Concrete*, 404 F.3d 566, 583 (2d Cir. 2005). *See also eCommission Sols., LLC v. CTS Holdings, Inc.*, 15-cv-2671 (KBF), at 9 (S.D.N.Y. Mar. 13, 2017) (applying Rule 9(b) "heightened pleading standard" to negligent misrepresentation claim); *Rodriguez v. It's Just Lunch Int'l*, 07 Civ. 9227 (SHS) (KNF), at 10-11 (S.D.N.Y. Feb. 17, 2009) ("Allegations of negligent misrepresentation must be pleaded with particularity, in accordance with the requirements of Fed .R. Civ. P. 9(b)").

Under Rule 9(b), when a pleading alleges a negligent or fraudulent misrepresentation, the pleading must "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Sec. & Exch. Comm'n v. Botvinnik*, No. 18-CV-8182 (VSB), 2019 WL 4738900, at 2 (S.D. N.Y. Sept. 29, 2019) (quoting Anschutz Corp. v. Merrill Lynch & Co., Inc., 690 F.3d 98, 108 (2d Cir. 2012)); *Am. Lecithin Co. v. Rebmann,* No. 12-CV-929 (VSB), 2017 WL 4402535 at 43 (S.D. N.Y. Sept. 30, 2017) (same). Courts in the Second Circuit also hold that Rule 9(b) requires fraud allegations to describe with particularity "what the defendant obtained through fraud." *Soroof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC*, 842 F. Supp. 2d 502, 513 (S.D. N.Y. 2012). In addition, although Rule 9(b) permits intentional conduct "to be asserted generally, the Second Circuit has 'repeatedly required plaintiffs to plead the factual basis which gives rise to a strong inference of fraudulent intent.'" *United States ex rel. Gelbman v. City of N.Y.*, 14-CV-771 (VSB), at 8 (S.D. N.Y. Sep. 30, 2018) (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991)).

Defendants' first counterclaim contains none of the details required by Rule 9(b) and must therefore be dismissed. It merely alleges that at some time or times in Rubio's 44-year career, he submitted inaccurate statements to his employer regarding the amount of time he or unidentified coworkers worked. The counterclaim does not describe when, where, or in relation to whom the reports were made. It does not quantify the number of allegedly excessive hours, describe what Rubio purportedly obtained from the alleged misrepresentations, or provide any context suggesting that Rubio acted with fraudulent intent.

Nor does the first counterclaim state that the unspecified misrepresentations were made intentionally. The first counterclaim also contends that at some unspecified time, Rubio "over report[ed]" the time of unidentified other employees in the maintenance department. *Id*. at ¶¶ 79, 69. This portion of the counterclaim also does not state that the alleged misreporting of other employees' time was made intentionally or with knowledge of its falsity, or that Rubio benefited.

In addition to *Iqbal* and *Twombly*, FRCP 9(b), FLSA cause of action is determined on a week by week basis.

Here, where Defendants allege only that Rubio submitted inaccurate time reports for himself and incorrectly approved other employees' time reports, there is no basis for Defendants to recover for any alleged damages. Accordingly, the second counterclaim should be dismissed.

### 3. DEFENDANTS' SECOND PURPORTED CONVERSION COUNTERCLAIM MUST BE DISMISSED – IT DOES NOT SPECIFICALLY IDENTIFY ANY ALLEGEDLY CONVERTED PROPERTY AND IS SPECULATIVE, ETC.

In its second counterclaim, Defendants allege that after they terminated Rubio's employment, "it was discovered that virtually nothing remained in the facility of all the tools, supplies and materials that [Rubio] had purchased through the use of the [BSDB] business credit card." Counterclaims at ¶ 74. The counterclaim does not identify any of the alleged "tools,

supplies, and materials" in question, and it does not say who made the alleged "discovery" or when the discovery was made. It does not state that that anyone saw Rubio take the unspecified items. Instead, after stating that BSDB could not find the unidentified property, BSDB makes the blanket accusation that Rubio "wrongfully converted" it "for his own use and benefit." *Id*. ¶ 76. As a matter of law, BSDB's Second Counterclaim must be dismissed because it does refer to any specifically identified property that allegedly was converted and is otherwise impermissibly speculative.

Under New York law, a person commits the tort of conversion by exercising, without authorization, "dominion or control over specifically identified property which interferes with the owner's rights." *Nuss v. Sabad*, 976 F. Supp. 2d 231, 252 (N.D. N.Y. 2013). "[T]o state a conversion claim under New York law," the claimant "must allege four elements." *In re Brizinova*, 554 B.R. 64, 83 (Bankr. E.D. N.Y. 2016). The four elements are that "'(1) the plaintiff had title to the property in question or had a right to its possession; (2) the defendant converted a specifically identified property; (3) the defendant exercised unauthorized dominion over the identified property; and (4) the plaintiff was damaged by reason of the alleged conversion.'" *Id*. (quoting *In re Harvard Knitwear, Inc.*, 153 B.R. 617, 624 (Bankr. E.D. N.Y. 1993)). *See also In re Harvard Knitwear, Inc.,* 153 B.R. 617, 624 (Bankr. E.D.N.Y. 1993) (conversion claimant must establish that "the defendant converted a specifically identified property"); *AMF Inc. v. Algo Distributors, Ltd.,* 48 A.D.2d 352, 356, 369 N.Y.S.2d 460, 464 (1975) (claimant in conversion action "must demonstrate legal ownership or an immediate superior right of possession to a specific identifiable thing"). Cf. *Hughes Blanton, Inc. v. Shannon*, 581 S.W.2d 538, 539 (Tex. Civ. App. 1979) (dismissing claims that defendant converted tools used in workplace where claimant did not "establish[ ] the identity of the tools that were in defendant's possession at the

time plaintiff was told he could not take them, [or] identify[ ] the tools plaintiff asserted to be missing").

A series of decisions by federal courts around the United States confirms that if a pleading asserting conversion claims does not identify specific property that allegedly was converted, the pleading must be dismissed. For example, in *In re Anchrum*, No. 12-00128-BGC, 2013 WL 5352631, at 4 (Bankr. N.D. Ala. Sept. 23, 2013), the court dismissed conversion claims under Rule 12(b)(6) because the complaint did not clearly describe the property that allegedly was converted. The court wrote:

> The statement does not identify what property the "defendant" supposedly exerted control over, or which "defendant" purportedly exerted control over that unidentified property, or what actions of said "defendant" constituted wrongful control over said unidentified property. Consequently, it is wholly inadequate under *Twombly* and its progeny to state a cause of action for conversion upon which relief can be granted.

*Id*.

Similarly, in *Baiul v. NBC Sports*, No. 15-CV-9920 (KBF), 2016 WL 1587250, at 12 (S.D. N.Y. Apr. 19, 2016), *aff'd sub nom. Baiul v. NBC Sports, a division of NBCUniversal Media LLC*, 708 F. App'x 710 (2d Cir. 2017), "the court conclude[d] that plaintiffs' … conversion claim must be dismissed" under Rule 12(c) "because plaintiffs do not specifically identify the property at issue."

In *Phelps Oil & Gas, LLC v. Noble Energy, Inc.*, No. 14-CV-2604-REB-CBS, 2016 WL 9735740, at 3 (D. Colo. Sept. 28, 2016), the district court adopted the recommendation of a magistrate judge to dismiss a plaintiff's conversion claims under Rule 12(b)(6) "because the complaint d[id] not identify specifically identifiable property which was subject to conversion or civil theft." In *Kopperl v. Bain*, 23 F. Supp. 3d 97, 105 (D. Conn. 2014), the court dismissed the plaintiff's conversion claim for failure to state a claim under Rule 12(b)(6) because the plaintiff

did "not identify in his pleading specific property that he ever possessed and a Defendant thereafter converted to his own use." In *Fed. Ins. Co. v. Rodman, LLC*, No. 3:10-CV-2042-B, 2011 WL 5921529, at 5 (N.D. Tex. Nov. 28, 2011), where the plaintiff's conversion claims were "devoid of allegations such as how [the defendant] wrongfully assumed control of [plaintiff's] assets, when such conversion may have taken place, [or] what assets were converted," the court dismissed those claims because "conclusory allegations are insufficient under Rule 12(b)(6)."

The *Iqbal/Twombly* "standard demands 'more than a sheer possibility that a defendant has acted unlawfully.'... 'Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable.'" *Ulrich v. Moody's Corp.*, No. 13-CV-00008 (VSB), at 10, 2014 WL 4977562 (S.D.N.Y. Sep. 30, 2014) (quoting *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011)). Here, the failure of the second counterclaim to allege facts tending to exclude obvious alternative explanations renders the conversion counterclaim inherently speculative. As noted, Defendants do not allege that someone saw Rubio steal anything, but only that Defendants "discovered" that the unspecified items were missing at some unstated time after Defendant terminated Rubio's employment. Counterclaims at ¶ 74. Moreover, the second counterclaim does not state whether the allegedly missing "tools" were tangible items, such as hammers or screwdrivers which may have been lost, or intangible property, such as software "tools," which may have been inadvertently deleted or destroyed by a computer virus. It does not state whether the "supplies" were office supplies such as ink and paper, which could easily have been consumed in the course of Defendants' business rather than stolen. The counterclaim also does not allege that Rubio was the only person who had access to the unidentified property. Because the absence of any factual information in the second

13

counterclaim fails to "nudge[ ] [the conversion] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, it must be dismissed.

### 4. DEFENDANTS' PLACE HOLDER THIRD CAUSE OF ACTION MUST BE DISMISSED ESPECIALLY BECAUSE DEFENDANTS' DUTIES UNDER THE FLSA AND NYLL ARE NON-DELEGABLE, ETC.

Although Defendants' first two countermemos are fatally flawed, the third and final counterclaim is perhaps the most conclusory and devoid of factual support. In it, Defendants simply asserts that Rubio failed "to deal honestly and in good faith with" Defendants in violation of "his employment contract." Counterclaims at ¶¶ 81, 83, and 85.

The third counterclaim also does not state how Rubio purportedly acted dishonestly or in bad faith, it does not identify any "employment contract" provision that allegedly was violated, and states nothing "more than mere 'labels and conclusions.'" *Great W. Ins. Co. v. Graham*, 18-CV-6249, 2020 WL 3415026 (VSB), at 17 (S.D.N.Y. June 22, 2020) (quoting *Iqbal*, 556 U.S. at 678).

Very significantly, Defendants had a non-delegable duty to accurately track and record the work time/hours of Plaintiff and their other employees under the FLSA and NYLL. See 29 U.S.C. § 211(c). 29 C.F.R. § 516.2. 12 NYCRR § 142-2.6 and NYLL § 195. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946); *Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 363 (2d Cir., 2011); *Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58, 66 -67 (2d Cir. 1997).

As such, as a matter of law, Defendants cannot bring a claim against Plaintiff based on duties that the law imposed on Defendants but not on Plaintiff – Defendants' counterclaims should be dismissed for this reason as well.

Relatedly, Defendants appear to allege that Plaintiff had authority and discretion to

14

approve hours – as such, exercising such authority and discretion, cannot as a matter of law give rise to any of the counterclaims herein, even if Defendants would have made different decisions/judgments. For example, the question of what constitutes work is not easily answered. See i.e *IBP, Inc. v. Alvarez*, 546 U.S. 21, 22, 126 S. Ct. 514, 517, 163 L. Ed. 2d 288 (2005)(the U.S. Supreme Court explained 'that "an employer, if he chooses, may hire a man to do nothing, or to do nothing but wait for something to happen."'). Defendants could have obviously chosen not to have allowed Plaintiff the alleged discretion and had plenty of opportunity each week to approve or disapprove hours worked. Moreover, not paying employees for hours worked is a serious violation of the FLSA and NYLL and could even be a criminal violation as well – it is therefore important to make every effort to make sure employees are paid and paid correctly.

Also, in the context of wages and hours under the FLSA and NYLL, employees like Plaintiff are allowed to act against the employer's interests and are protected in doing so from adverse employment actions. See i.e. 29 USC 215(c); NYLL 215. In other words, even though Defendants' eleventh hour counterclaims are concocted, employees are allowed to claim wages for work performed within the meaning of the FLSA – even if the employer disagrees with his interpretation of "work" and even though the employer may want to save money by paying the employee less than he is entitled to.

Underscoring that Defendants could not support their counterclaims with any meaningful factual allegations when the counterclaims were filed, Defendants adds that they have "instituted an investigation to seek to ascertain if there were any other improprieties, defalcations and larcenies that Plaintiff engaged in during his employment." *Id*. at ¶ 84. At most, then, the third counterclaim is "a sort of place marker" for which Defendants have threatened to try to "fill in the blanks at a later date, if necessary." *Cf. Ground Zero Museum Workshop v. Wilson*, 813 F.

Supp. 2d 678, 708 (D. Md. 2011). Because such allegations do not meet the pleading requirements established in *Iqbal* and *Twombly*, the counterclaims must be dismissed.

### V.     <u>CONCLUSION</u>

Based on the foregoing, Plaintiff kindly requests that this Honorable Court grant his motion and: 1) dismiss Defendants' counterclaims in their entirety and with prejudice; and 2) grant Plaintiff such other, further and different relief in his favor as the Court deems just and proper.

Dated: Queens Village, New York
      October 25, 2020
Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan      
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff Manuel Rubio*

#