UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MANUEL RUBIO,

                      Plaintiff,                         Index No. 1:19-cv-11880-VSB

      - against -

BSDB MANAGEMENT INC., MARVIN NEIMAN, and
DOVE LEBOVIC,

                      Defendants.
------------------------------------------------------------------------X

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THE ANSWER AND COUNTERCLAIMS

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
77 WATER STREET, SUITE 2100
NEW YORK, NEW YORK 10005
212-232-1300

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .................................................................................................................................1

    I.   BSDB'S COUNTERCLAIMS ARE NOT FUTILE .......................................................1

        A.    THE FAITHLESS SERVANT COUNTERCLAIM
             DOES NOT SOUND IN FRAUD ................................................................2

        B.    PLAINTIFF'S CHALLENGE TO THE CONSTITUTIONALITY
             OF THE FAITHLESS SERVANT DOCTRINE IS
             IRRELEVANT ................................................................................................5

        C.    FAITHLESS SERVANT IS NOT PRECLUDED BY NYLL § 193 ..........7

        D.    THE CONVERSION COUNTERCLAIM IS NOT FUTILE......................8

CONCLUSION ............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Addison v. Reitman Blacktop, Inc.*,
　283 F.R.D. 74 (E.D.N.Y. 2011) .................................................................................................. 10

*Bailey v. Alabama*,
　219 U.S. 219 (1911) ..................................................................................................................... 6

*Camacho v. Midtown Ctr. Auto Repair, Inc.*,
　2020 U.S. Dist. LEXIS 38884 (S.D.N.Y. Mar. 5, 2020) ............................................................. 5

*Cheeks v. Freeport Pancake House, Inc.*,
　796 F.3d 199 (2d Cir. 2015) ........................................................................................................ 5

*Churiy v. Schorsch*,
　2019 U.S. Dist. LEXIS 113761 (S.D.N.Y. July 9, 2019) ........................................................... 5

*Eurycleia Partners, LP v. Seward & Kissel, LLP*,
　12 N.Y.3d 553 (2009) ................................................................................................................. 3

*Gortat v. Capala Bros.*,
　585 F. Supp. 2d 372 (E.D.N.Y. 2008) ........................................................................................ 7

*Halebian v. Berv*,
　644 F.3d 122 (2d Cir. 2011) ........................................................................................................ 9

*Hirsch v. Rehs Galleries, Inc.*,
　2020 U.S. Dist. LEXIS 32926 (S.D.N.Y. Feb. 26, 2020) ........................................................... 9

*In re Grumman Olson Indus., Inc.*,
　329 B.R. 411 (Bankr. S.D.N.Y. 2005) ........................................................................................ 5

*L & L Painting Co., Inc. v. Odyssey Contracting Corp.*,
　No. 105126/2008, 2014 WL 4829629 (N.Y. Sup. Ct. Sep. 25, 2014) ....................................... 9

*Levy v. Young Adult Inst., Inc.*,
　103 F. Supp. 3d 426 (S.D.N.Y. 2015) .................................................................................... 3, 4

*Mumin v. Uber Techs., Inc.*,
　239 F. Supp. 3d 507 (E.D.N.Y. March 7, 2017) ........................................................................ 3

*MYL Litig. Recovery I LLC v. Mylan N.V.*,
　2020 U.S. Dist. LEXIS 55501 (S.D.N.Y. Mar. 30, 2020) .......................................................... 2

*Nebraskaland, Inc. v. Sunoco, Inc.*,
    2010 U.S. Dist. LEXIS 129013 (E.D.N.Y. Dec. 7, 2010) ........................................................ 6

*Nebraskaland, Inc. v. Sunoco, Inc.*,
    2011 U.S. Dist. LEXIS 172740 (E.D.N.Y. June 14, 2011) ................................................. 6, 7

*Ortiz v. Cornetta*,
    867 F.2d 146 (2d Cir. 1989) ................................................................................................ 10

*Pachter v. Bernard Hodes Grp., Inc.*,
    10 N.Y.3d 609 (2008) ........................................................................................................... 5

*Pawlowski v. Kitchen Expressions Inc.*,
    2018 U.S. Dist. LEXIS 106778 (E.D.N.Y. June 25, 2018) ....................................................... 5

*Phansalkar v. Andersen Weinroth & Co., LP.*,
    344 F.3d 184 (2d Cir. 2003) .................................................................................................. 5

*PK Music Performance, Inc. v. Timberlake*,
    2018 U.S. Dist. LEXIS 169652 (S.D.N.Y. Sep. 30, 2018) ...................................................... 10

*Rombach v. Chang*,
    355 F.3d 164 (2d Cir. 2004) ................................................................................................... 3

*Stefanovic v. Old Heidelberg Corp.*,
    2019 U.S. Dist. LEXIS 133397 (S.D.N.Y. Aug. 8, 2019) ....................................................... 7

*Xpedior Creditor Trust v. Credit Suisse First Boston (USA), Inc.*,
    341 F. Supp. 2d 258 (S.D.N.Y. 2004) ................................................................................... 3

**Statutes**
New York Labor Law § 193……………………………………………………………………7, 8

**Rules**
Fed. R. Civ. P. 8…………………………………………………………………………………...7
Fed. R. Civ. P. 9(b)……………………………………………………………………………..2, 3
Fed. R. Civ. P. 12(b)(6)………………………………………………………………… 9, 10
Fed. R. Civ. P. 15(a)………………………………………………………………………………1

**PRELIMINARY STATEMENT**

By letter, dated November 17, 2020, Defendants BSDB Management Inc. ("BSDB"), Marvin Neiman, and Dov Lebovic (sued herein as "Dove" Lebovic) (collectively, "Defendants") sought leave to amend their answer and counterclaims. Defendants' letter application demonstrates that their proposed amendments would conserve judicial and party resources by obviating the need for unnecessary dispositive motion practice belatedly brought by Plaintiff in an apparent attempt to avoid engaging in substantive discovery.[1] On December 7, 2020, Plaintiff submitted his opposition. Rather than dispute Defendants' position directly, Plaintiff's opposing memorandum ("Plaintiff's Memo.") resorts to an inflammatory and irrelevant academic discussion of the faithless servant doctrine in a vain attempt to undermine well-settled law. Plaintiff further argues that the proposed amendments to the conversion counterclaim are futile based on an unsupported standard that contradicts relevant precedent. Ultimately, Plaintiff's arguments are unavailing and, accordingly, the Court should grant Defendants' application.

**ARGUMENT**

**I.    BSDB'S COUNTERCLAIMS ARE NOT FUTILE**

As a threshold matter, Plaintiff limits the scope of his opposition papers to his flawed analysis of whether BSDB's counterclaims are futile and therefore fails to address the other factors that courts consider under Rule 15(a), namely undue delay, bad faith or dilatory motive,

---

[1] Plaintiff misleadingly suggests that he has also produced substantial documents during discovery in this case. As stated in Defendants' letter motion to amend the answer and counterclaims, to date, Defendants have not received any response to an October 14, 2020 deficiency letter or even Plaintiff's verification form with respect to his interrogatory responses. *See* Dkt. No. 30, p. 2. Defendants also sent Plaintiff a deficiency letter on December 3, 2020 regarding his failure to respond to Defendants' Second Request for Production of Documents by the November 13, 2020 response date. Defendants have yet to receive any response to their December 3, 2020 deficiency letter.

1

repeated failure to cure deficiencies by amendments previously allowed,[2] and undue prejudice. Hence, Plaintiff waived these arguments. *MYL Litig. Recovery I LLC v. Mylan N.V.*, 2020 U.S. Dist. LEXIS 55501, at *18 (S.D.N.Y. Mar. 30, 2020) ("MLR has failed to respond to this argument in its opposition. Accordingly, any argument opposing Mylan's position here is waived.") (citation omitted).

Plaintiff argues that BSDB's faithless servant and conversion counterclaims are futile because the faithless servant counterclaim does not meet the heightened standard under Rule 9(b), is unconstitutional, and violates the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New York Minimum Wage Act ("NYMWA"). Plaintiff also contends that BSDB's conversion counterclaim is futile because it did not allege either the date of conversion or that the conversion was intentional, nor did it specifically identify the tools taken. For the reasons set forth below, Plaintiff's opposition must fail.

### A.   THE FAITHLESS SERVANT COUNTERCLAIM DOES NOT SOUND IN FRAUD

Plaintiff erroneously argues that the faithless servant counterclaim is subject to Rule 9(b)'s heightened standard for fraud claims. In a nutshell, he hastily and superficially concludes that the faithless servant counterclaim sounds in fraud and contends that BSDB does not satisfy the heightened standard because they "have not identified with factual allegations, a single timesheet or payroll record that was fraudulent and explained how and why." (Plaintiff's Memo. p. 8).

Determining whether a non-fraud claim sounds in fraud and is therefore subject to Rule 9(b) heightened standard requires a case-by-case analysis to determine whether the gravamen of

---

[2] Notably, this is Defendants' first request for leave to amend their Answer.

the pleading is **plainly** fraud. *See Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 442-43 (S.D.N.Y. 2015) (citation omitted) (emphasis supplied), *adopted by*, *Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426 (S.D.N.Y. 2015). The focus of a court's inquiry is the conduct alleged. *Mumin v. Uber Techs., Inc.*, 239 F. Supp. 3d 507, 529 (E.D.N.Y. March 7, 2017) (citing *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004)). "A claim sounds in fraud when, although not an essential element of the claim, the plaintiff alleges fraud as an integral part of the conduct giving rise to the claim." *Xpedior Creditor Trust v. Credit Suisse First Boston (USA), Inc.*, 341 F. Supp. 2d 258, 269 (S.D.N.Y. 2004). Courts can also look to the elements of fraud to determine whether a claim is "plainly fraud". *Levy*, 103 F. Supp. 3d at 444 (citations omitted). Under New York law, "[t]he elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (2009). Importantly, though, it is unfair to require a party to satisfy the heightened pleading standard when it does not plead the elements of fraud. *Levy*, 103 F. Supp. 3d at 446.

BSDB's faithless servant claim does not sound in fraud as the damages incurred by BSDB was not due to Plaintiff's specific misstatement about the hours that he or other employees worked in order for BSDB to pay him and others an amount that it would not otherwise have paid. Rather, BSDB incurred damages because Plaintiff failed to exercise his duty of loyalty and good faith by violating his duty as a supervisor.

*Levy v. Young Adult Inst., Inc.* is instructive here. In *Levy*¸ Judge Netburn concluded that defendant's breach of fiduciary duty did not sound in fraud and need not meet the pleading standard set out in Rule 9(b). The factual allegations undergirding the defendant's breach of fiduciary duty in *Levy* are analogous to those supporting Defendants' faithless servant

3

counterclaim in this instant matter. In *Levy*, the defendant alleged, *inter alia*, that the plaintiff, a former executive direct and chief executive officer, "made false representations to the Board and its committees" about the fiscal health of defendant as it was a significant factor in setting plaintiff's salary. *Levy*, 103 F. Supp. 3d at 446. The plaintiff also allegedly inflated reports of defendant's financial performance to justify his excessive compensation package and certified a fiscal report knowing that it contained misstatements.

Despite this alleged conduct, Judge Netburn found that the *Levy* defendant's breach of fiduciary duty counterclaim did not sound in fraud. Specifically, Judge Netburn explained that although plaintiff alleged that the Board "relied on Levy's representations about YAI's financial performance . . . and awarded Levy compensation targeted to the 90th percentile of allegedly comparable organization, based on a Compensation Policy that he co-authored[]", these allegations did not allege that upon reasonable reliance, defendant acted to its detriment because of the plaintiff's statements, nor did it allege specific intent to induce defendant to overpay him. *Id.* Judge Netburn further explained that defendant did not allege that plaintiff's false certifications induced defendant to pay him a certain amount in compensation; rather, it was the *Levy* plaintiff's alleged mismanagement of the organization, including the certification of improper accounting reports, that breached his duties of loyalty and good service to defendant. *Id.*, at 446-447.

The situation here is akin to that in *Levy*. Defendants' counterclaim does not sound in fraud because it directly implicates Plaintiff's mismanagement of the organization, including the certification of improper records. There is no claim here that Plaintiff tricked BSDB with misstatements into paying him and his colleagues and subordinates more money. Instead, BSDB compensated Plaintiff and others because it was part of Plaintiff's job as a supervisor to report

4

and approve hours worked and BSDB understood Plaintiff to be fulfilling his obligations and executing his duties properly, which he intentionally failed to do. *In re Grumman Olson Indus., Inc.*, 329 B.R. 411, 430 (Bankr. S.D.N.Y. 2005) ("[N]ot every claim based on dishonesty necessarily sounds in fraud[.]").

### B. PLAINTIFF'S CHALLENGE TO THE CONSTITUTIONALITY OF THE FAITHLESS SERVANT DOCTRINE IS IRRELEVANT

Ignoring the myriad of cases applying the faithless servant doctrine, Plaintiff chooses to make a novel and provocative argument, asserting without any real foundation that the doctrine violates the Thirteenth Amendment, the FLSA, NYLL, and NYMWA. These theoretical arguments are merely a way for Plaintiff to detour around substantively addressing the sufficiency of the counterclaim. Plaintiff cites cases like *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015)[3] and *Pachter v. Bernard Hodes Grp., Inc.*, 10 N.Y.3d 609 (2008), neither of which discusses the faithless servant doctrine. When Plaintiff's opposition does refer to relevant precedent, he manages to confirm Defendants' position, as *Phansalkar v. Andersen Weinroth & Co., LP.,* 344 F.3d 184 (2d Cir. 2003) actually applied the faithless servant

---

[3] Plaintiff contends that the Second Circuit in *Cheeks* "gave judges the authority and duty to protect the rights of employee and public under the FLSA – from the very type of waiver/disgorgements of FLSA protected wages and rights Defendants and the pre-FLSA and pre-NYLL slavery-era faithless servant doctrine engage in." (Plaintiff's Memo. p. 18). He further adds that the faithless servant doctrine is "in strong tension with the remedial purposes of the FLSA and is . . . in direct conflict with the protections of the FLSA and NYLL – and is therefore invalid." (Plaintiff's Memo. p. 18). To state the obvious, *Cheeks* is wholly irrelevant to the situation at hand - the faithless servant doctrine is not a provision in a settlement agreement and Judges have regularly reviewed and approved settlement agreements pursuant to *Cheeks* in cases involving faithless servant counterclaims. *See Camacho v. Midtown Ctr. Auto Repair, Inc*., 2020 U.S. Dist. LEXIS 38884, at *3-4 (S.D.N.Y. Mar. 5, 2020) ("the parties persuasively have demonstrated that there were serious litigation risks Plaintiff faced from defenses that could have mooted his claims and reduced his overall recovery. In particular, Defendants produced evidence they claim supported asserting the faithless servant doctrine as a defense, which they argue would have extinguished Plaintiff's claims for overtime premium pay and required him to disgorge wages earned for two of the three years in the relevant time period."); *Churiy v. Schorsch*, 2019 U.S. Dist. LEXIS 113761, at *2 (S.D.N.Y. July 9, 2019) (defendants asserting fraud, breach of fiduciary duty, faithless servant doctrine, conversion, and unjust enrichment counterclaims); *Pawlowski v. Kitchen Expressions Inc.*, 2018 U.S. Dist. LEXIS 106778, at *2 (E.D.N.Y. June 25, 2018) (defendants lodging a defense and counterclaim that plaintiff was a faithless servant who operated a side business on defendants' property).

doctrine and held that the employee had to forfeit all compensation received after his first disloyal act.

Plaintiff's constitutional challenge to the faithless servant doctrine can only be seen as his counsel's attempt to have a second bite of the apple. Plaintiff's counsel used the same failed arguments in *Nebraskaland, Inc. v. Sunoco, Inc.*, 2010 U.S. Dist. LEXIS 129013 (E.D.N.Y. Dec. 7, 2010).[4] As in *Nebraskaland, Inc.*, Plaintiff cites to *Bailey v. Alabama,* 219 U.S. 219 (1911) again and represents that "the U.S. Supreme Court struck down Alabama's faithless servant law, finding that it violated the Thirteenth Amendment, among other issues." (Plaintiff's Memo. p. 15). In her decision, which recommended the denial of Plaintiff's counsel's request for reconsideration of Judge Trager's order, the Honorable Cheryl L. Pollak called the comparison "dubious" and clarified that the Supreme Court actually struck down Alabama's peonage laws that "made it a crime for a laborer to obtain an advance on wages by means of a fraudulent promise of future labor. Fraud was presumed from the breach of promise[.]" *Nebraskaland, Inc. v. Sunoco, Inc.*, 2011 U.S. Dist. LEXIS 172740 (E.D.N.Y. June 14, 2011) (citing James Gray Pope, Contract, Race, and Freedom of Labor in the Constitutional Law of "Involuntary Servitude", 119 Yale L.J. 1474, 1488 (2010)). Judge Pollak explained that the issue in *Bailey* was whether imposing criminal punishment for breaching a fair and proper contract could constitute peonage or involuntary servitude in violation of the Thirteenth Amendment and did not address the constitutionality of forfeiture of wages for past work. *Nebraskaland, Inc.*, 2011

---

[4] In that case, Plaintiff's counsel moved to dismiss Nebraskaland's faithless servant claim against his client on the grounds that New York's faithless service doctrine violates the Thirteenth and Fourteenth Amendments of the United States Constitution, the FLSA, the NYMWA, NYLL § 193, and local, state and federal tax and retirement laws. The Honorable David G. Trager denied Plaintiff's counsel's motion to dismiss because, *inter alia*, his motion failed to satisfy either prong of the prudential ripeness inquiry and was not fit for judicial review.

U.S. Dist. LEXIS 172740, at *3, n.2. Ten years have passed since Plaintiff made the arguments in *Nebraskaland* and the faithless servant still stands as a valid claim under New York law.

In need only be added that after pages of circumlocution, Plaintiff fails to substantively address, aside from his conclusory statement, whether the factual allegations of Defendants' faithless servant counterclaim satisfy Rule 8. To be clear, there is no doubt that Defendants' counterclaim allegations satisfy Rule 8's standard of a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. R. 8. Accordingly, Defendants should be permitted to amend.

### C.     FAITHLESS SERVANT IS NOT PRECLUDED BY NYLL § 193

Plaintiff seems to argue that BSDB's faithless servant doctrine is futile as it is barred by NYLL § 193 without citing any case law supporting his contention. He merely cites to *Gortat v. Capala Bros.,* 585 F. Supp. 2d 372, 375-76 (E.D.N.Y. 2008) wherein the Court dismissed a counterclaim of negligence and held that NYLL § 193 likewise prohibits claims against former employees for alleged negligent acts or for lost profits caused by poor performance. *Gortat* is inapposite as the counterclaim here is faithless servant, not negligence. *Stefanovic v. Old Heidelberg Corp.*, 2019 U.S. Dist. LEXIS 133397, at *8, n.1 (S.D.N.Y. Aug. 8, 2019) ("Plaintiffs argue that this faithless servant counterclaim violates NYLL § 193 . . . However, Plaintiffs have not identified, and the Court's research has not revealed, any case in which a faithless servant claim was held barred by NYLL § 193."). In fact, in denying a motion to dismiss a faithless servant counterclaim for lack of subject matter jurisdiction, the Court in *Stefanovic* found that defendants asserted a colorable affirmative defense to plaintiff's FLSA overtime and minimum wage claims via faithless servant on a theory of recoupment or setoff. *See Stefanovic*, 2019 U.S. Dist. LEXIS 133397, at *6-7 (citing cases).

7

Because faithless servant doctrine is a valid claim and it is not precluded by NYLL § 193, amending BSDB's faithless servant counterclaim would not be an exercise in futility.

D. **THE CONVERSION COUNTERCLAIM IS NOT FUTILE**

Plaintiff argues that BSDB fails to sufficiently plead conversion. Specifically, he contends that BSDB did not plead facts to establish that Plaintiff converted its items, that any conversion was done intentionally, when the alleged conversion took place, and the identity of the items allegedly converted. (Plaintiff's Memo. pp. 10-12). He then goes on to claim "there is absolutely no *factual* allegations in the proposed counterclaim that states that the subject tools were ever in Plaintiff's possession or control after his termination or at any other time" (emphasis in the original) and that "[e]ven more fatal . . . Defendants also do not plead facts plausibly stating that any alleged conversion was intentional". (Plaintiff's Memo. p. 10). Plaintiff should look again. In Defendants' Proposed Pleading, they assert the following: (1) "Plaintiff has wrongfully and *intentionally taken* and misappropriated those items, including an air compress[or][5] and a mechanical floor drain machine, and without authority from BSDB's possession"; (2) "Plaintiff has wrongfully converted the assets of BSDB, for his own use and benefit"; (3) "Plaintiff has failed to return said property in accordance with his legal obligations"; and (4) "Plaintiff intentionally denied BSDB access to these tools, supplies, and materials". Proposed Pleading, ¶¶ 80-83 (emphasis added). Clearly, BSDB alleges that Plaintiff had intentionally taken the items, which means that the tools were in his possession or control.

Plaintiff then enumerates "numerous possible explanations" for the missing tools and seeks "good evidence" to support the conversion, none of which are relevant at this stage as an amendment of a pleading is considered a "futile" act when the proposed new claim would not

---

[5] Air "compression" is a typographical error. It should be air "compressor".

8

withstand a motion to dismiss under Rule 12(b)(6). *See Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011). Plaintiff also improperly relies on this merit and evidence-based argument by contending that unlike the case that Defendants cited in their letter motion (Dkt. No. 30, p. 3), *L & L Painting Co., Inc. v. Odyssey Contracting Corp.*, No. 105126/2008, 2014 WL 4829629, (N.Y. Sup. Ct. Sep. 25, 2014), the party that sued for conversion in that case produced a combination of inventory lists and deposition testimony that provided a "higher level of identification that is not present here." (Plaintiff's Memo. p. 13).

Plaintiff's representation of that case is misleading. In essence, the Court in *L & L Painting Co.* found that the evidence, which identified the materials, equipment, and tools converted, including "a few trucks" and "a couple of blast pots" was sufficiently specific. Here, at the pleading stage, BSDB identifies specific tools, material, and equipment, including an air compressor and a mechanical floor drain. It is unclear why Plaintiff believes "a few trucks" and "a couple of blast pots" provide a "higher level of identification" than an air compressor and a mechanical floor drain.

Finally, Plaintiff erroneously contends that BSDB failed to plead the date or the approximate date of conversion as pleading this would provide sufficient factual information to formulate defenses such as statute of limitations. (Plaintiff's Memo. p. 12). This argument is disingenuous as Plaintiff already raised this affirmative defense in his Answer to Defendants' Answer with Counterclaims (Dkt. No. 12, p. 13, "Defendants' counterclaim is barred in whole or in part by the applicable statutes of limitations."). Moreover, "[t]he pleading requirements in the Federal Rules of Civil Procedure . . . do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses." *Hirsch v. Rehs Galleries, Inc.*, 2020 U.S. Dist. LEXIS 32926, *6 (S.D.N.Y. Feb. 26,

2020) (*Broderick, J.*); *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 83 (E.D.N.Y. 2011) ("[T]he statute of limitations is an affirmative defense, the determination of which requires a consideration of the merit of both parties' claims and defenses and therefore in certain instances a plaintiff is "not required to 'allege facts in the complaint that overcome defendants' affirmative defense based on the statute of limitations.") (citations and internal quotations omitted). Plaintiff's suggestion that the conversion counterclaim may be time-barred is unconvincing as BSDB alleged that after Plaintiff was terminated, which was in 2018, it was discovered that nothing remained in the facility of all the tools, supplies and materials that BSDB owned, which, drawing all reasonable inferences in the pleading party's favor, suggests that the conversion occurred after his termination in 2018, thereby making the conversion claim timely under a three-year statute of limitations. *See PK Music Performance, Inc. v. Timberlake*, 2018 U.S. Dist. LEXIS 169652, at *20 (S.D.N.Y. Sep. 30, 2018) (*Broderick, J.*) ("Where there is even some doubt as to whether dismissal is warranted, a court should not grant a Rule 12(b)(6) motion on statute of limitations grounds.") (citing *Ortiz v. Cornetta*, 867 F.2d 146, 149 (2d Cir. 1989)).

## CONCLUSION

For the reasons set forth above, and those previously presented, Defendants respectfully request that the Court grant them leave to amend their answer and counterclaims pursuant to FRCP 15(a) and dismiss Plaintiff's Motion for Judgment on the Pleadings Dismissing Defendants' Counterclaims as moot.

Dated: New York, New York
December 14, 2020

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ Adam E. Collyer
Adam E. Collyer, Esq.
Joan B. Lopez, Esq.
*Attorneys for Defendants*
77 Water Street, Suite 2100
New York, New York  10005
212-232-1300
Adam.Collyer@lewisbrisbois.com
Joan.Lopez@lewisbrisbois.com

11

## DECLARATION OF SERVICE

    Adam E. Collyer, an attorney duly admitted to practice before this Court, declares that on December 14, 2020, he caused to be served and filed via ECF the Reply Memorandum of Law in Further Support of Defendants' Motion For Leave to Amend the Answer and Counterclaims.

                                                             /s/ Adam E. Collyer
                                                                   Adam E. Collyer