UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                       :

MANUEL RUBIO,                          :
                                         :
                        Plaintiff,   :
                                         :
             - against -           :
                                         :
                                       :
BSDB MANAGEMENT INC., MARVIN    :
NEIMAN and DOVE LEBOVIC,      :
                                       :
                    Defendants.  :
                                       :
--------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** ___1/12/2021___

19-CV-11880 (VSB)

<u>**OPINION & ORDER**</u>

<u>Appearances</u>:

Abdul Karim Hassan
Abdul K. Hassan Law Group PLLC
Queens Village, NY

*Counsel for Plaintiff*

Adam Edward Collyer
Gordon Rees Scully Mansukhani LLP
New York, NY

Joan Badere Lopez
Lewis Brisbois Bisgaard & Smith LLP
New York, NY

Marvin Neiman
Neiman Ginsburg and Mairanz
New York, NY

*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

On December 27, 2019, Plaintiff Manuel Rubio ("Plaintiff") brought this action against

Defendants BSDB Management, Inc., Marvin Neiman, and Dove Lebovic (collectively,

"Defendants") for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.*  (Doc. 1.)

Currently before me are Plaintiff's motion for judgment on the pleadings seeking dismissal of Defendants' counterclaims and Defendants' November 17, 2020 letter motion for leave to file an amended answer and counterclaims to Plaintiff's Complaint.  (Docs. 23 and 30.) Because (1) I find that Defendants' request to amend their first and second counterclaims is futile and (2) Defendants request to abandon their third counterclaim, Defendants' letter motion seeking leave to amend is DENIED.  Moreover, because neither Defendants' first and second counterclaims nor their proposed amendments suffice to state a claim under Rule 12(b)(6), Plaintiff's motion for judgment on the pleadings is GRANTED to the extent that it requests dismissal of Defendants' first and second counterclaims.

## I.     Background and Procedural History

On December 27, 2019, Plaintiff Manuel Rubio filed this action against Defendants for unpaid overtime wages under the FLSA, and the NYLL.  (Doc. 1.)  On February 3, 2020, Defendants filed an answer to Plaintiff's complaint, raising three counterclaims against Plaintiff. (Doc. 6.)  Defendants alleged in the first counterclaim that Plaintiff improperly signed off on extra hours for himself and for subordinates that were not actually worked, resulting in damages to Defendants.  (*Id*. ¶¶ 57–71.)  In the second counterclaim Defendants alleged that Plaintiff wrongfully misappropriated Defendants' tools.  (*Id*. ¶¶ 72–79.)  Finally, in the third counterclaim Defendants charged Plaintiff with breach of contract, and the duties of good faith and honesty. (*Id*. ¶¶ 80–85.)

On October 25, 2020, Plaintiff filed a motion for judgment on the pleadings, seeking to dismiss Defendants' counterclaims ("Motion").  (Doc. 23.)  In his Motion, Plaintiff argues that Defendants' counterclaims should be dismissed pursuant to NYLL § 193 to the extent they are

based on negligent or reckless conduct not rising to the level of fraud.  (Doc. 24, Pl.'s Mem. 5–8.)[1]  Moreover, Plaintiff avers that Defendants' first counterclaim should be dismissed for failure to plead Plaintiff's alleged fraudulent reporting of time sheets with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  (*Id*. at 8–10.)  Plaintiff also urges me to dismiss Defendants' second counterclaim of conversion for failure to specify any allegedly converted property.  (*Id*. at 10–14.)  Finally, Plaintiff argues that Defendants' third counterclaim should be dismissed for lack of factual support.  (*Id*. at 14–16.)  I granted Defendants' request for an extension of time to November 30, 2020, to file opposition papers to Plaintiff's Motion, (Doc. 28), and Plaintiff's request for an extension until December 21, 2020 to file a reply, (Doc. 29).

By letter motion dated November 17, 2020, Defendants—in lieu of filing an opposition to Plaintiff's motion for judgment on the pleadings—sought leave to file an amended answer and counterclaims.  (Doc. 30.)  Plaintiff's memorandum of law in opposition to Defendants' motion was filed on December 7, 2020, (Doc. 34, Pl.'s Opp. Mem.),[2] and Defendants' reply on December 14, 2020, (Doc. 35, Defs.' Repl.).[3]  Defendants assert that their proposed amendments obviate the need to complete briefing on Plaintiff's Motion, and accordingly request that I dismiss Plaintiff's Motion as moot.  (Doc. 30, at 3.)  In opposition, Plaintiff requests that I deny Defendants' motion for leave to amend in its entirety, and dismiss Defendants' counterclaims and proposed counterclaims with prejudice.  (Pl.'s Opp. Mem. 3.)

Defendants contend that Plaintiff "incorrectly describes BSDB's counterclaims as

---

[1] "Pl.'s Mem." refers to Plaintiff's memorandum of law in support of his motion for judgment on the pleadings, filed October 25, 2020.  (Doc. 24.)

[2] "Pl.'s Opp. Mem." refers to Plaintiff's memorandum of law in opposition to Defendants' motion to amend, filed December 14, 2020.  (Doc. 34.)

[3] "Defs.' Repl." refers to Defendants' reply in support of their motion for leave to amend, filed December 14, 2020. (Doc. 35.)

sounding in negligence or an unlawful wage deduction under New York Labor Law 193" in his

Motion. (Doc. 30, at 3.) Accordingly, Defendants propose to amend their first counterclaim

against Plaintiff for overreporting the hours that he and his subordinates worked, to clarify that

this counterclaim is based on Plaintiff's alleged breach of his duty of loyalty and good faith as an

employee of BSBD. (*Id.*; *see* Doc. 30-1, Defs.' Proposed Am. Answer ¶¶ 61–62, 70–74)[4]. In

response to Plaintiff's concern that Defendants' second counterclaim of conversion does not

identify the tools, supplies, and materials that he allegedly misappropriated, Defendants also seek

to amend their second counterclaim to identify these specific items. (Doc. 30, at 3; *see* Defs.'

Proposed Am. Answer ¶ 80.) Defendants propose to remove in full their third counterclaim

against Plaintiff. (*See* Defs.' Proposed Am. Answer 9.)

Plaintiff consents to Defendants' abandonment of their third counterclaim. (Pl.'s Opp.

Mem. 5.) With respect to the first counterclaim, Plaintiff maintains that Defendants' proposed

amendments do not cure Defendants' failure to meet the particularity requirement of Rule 9(b).

(*Id.* at 5–8.) Plaintiff further avers that the faithless servant doctrine violates the FLSA, NYLL,

and the Thirteenth Amendment of the United States Constitution. (*Id.* at 14–25.) Regarding

Defendants' second proposed amended counterclaim, Plaintiff argues that Defendants fail to

meet the pleading standards required to state a conversion claim under New York law. (*Id.* at 8–

9.)

---

[4] "Defs.' Proposed Am. Answer" refers to Defendants' proposed amended answer and counterclaims, filed
November 17, 2020. (Doc. 30-1.)

## II.   **Applicable Law**

### A.  *Rule 15(a)*

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires."  Courts permit amendment when "(1) the party seeking the amendment has not unduly delayed, (2) when that party is not acting in bad faith or with a dilatory motive, (3) when the opposing party will not be unduly prejudiced by the amendment, and (4) when the amendment is not futile." *E\*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273, 282 (S.D.N.Y. 2006); *see also Mackensworth v. S.S. Am. Merchant,* 28 F.3d 246, 251 (2d Cir. 1994) (noting that "undue delay, bad faith, or futility of [an] amendment" are valid grounds for denying leave to amend).  "A party that has failed to state a claim should generally be afforded an opportunity to amend its complaint or counterclaim, but leave to amend need not be granted if an amended complaint or counterclaim would also fail to state a claim." *Gortat v. Capala Bros.*, 585 F. Supp. 2d 372, 377 (E.D.N.Y. 2008), (citing *Pharr v. Evergreen Garden, Inc.,* 123 Fed. App'x 420, 425 (2d Cir. 2005)), *aff'd*, 568 F. App'x 78 (2d Cir. 2014).

### B.  *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations:

the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

### III.   Discussion

#### A.   *First Proposed Amended Counterclaim*

Defendants' first counterclaim, as amended, seeks relief against Plaintiff under the faithless servant doctrine. Defendants assert that, as manager of the department of maintenance, Plaintiff approved hours for himself and other employees even if they were not warranted or actually worked. (Defs.' Proposed Am. Answer ¶¶ 64–69.) Defendants allege that "Plaintiff's repeated and intentional overreporting of the hours that he worked and those of the employees he supervised operated to the financial detriment of BSDB by causing it to pay money as wages to Plaintiff and the other workers for hours that, in fact, they did not work." (*Id.* ¶ 70.) Defendants further submit that "[t]he full amount of Plaintiff's misconduct of over reporting his and others['] hours . . . is at least $157,000 and includes, without limitation, disgorgement of his wages and additional compensation that BSDB paid to him, plus prejudgment interest." (*Id.* ¶ 74.)

"Under New York law, an agent is obliged to be loyal to his employer and is prohibited

from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties." *Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 200 (2d Cir. 2003) (internal citations omitted) (noting that the faithless servant doctrine has a foundation in "well over a century" of New York law); *see, e.g.*, *Markbreiter v. Barry L. Feinberg, M.D., P.C.*, No. 09 CIV. 5573(LAK), 2010 WL 334887, at *2 (S.D.N.Y. Jan. 29, 2010) (holding that defendants had a cause of action against the plaintiff employee for her alleged dereliction of duty under the faithless servant doctrine). "One who owes a duty of fidelity to a principal and who is faithless in the performance of his services is generally disentitled to recover his compensation, whether commissions or salary." *Phansalkar*, 344 F.3d at 200 (internal quotation marks omitted). "[E]ven if such a claim is not an 'affirmative defense' in the sense that it is an independent bar to plaintiff's recovery . . . it does give rise to a partial defense on a theory of recoupment or setoff." *Markbreiter*, 2010 WL 334887, at *2. While employers may not recover from an employee for mere mismanagement under NYLL § 193, they may do so provided there is "a finding of a breach of the duty of good faith and loyalty." *Burke v. Steinmann*, No. 03 CIV. 1390(GEL), 2004 WL 1117891, at *6 (S.D.N.Y. May 18, 2004). Accordingly, as an initial matter, a well-pled claim under the faithless servant doctrine would not be barred by NYLL § 193.

New York courts alternate between two standards for determining whether an employee's conduct warrants forfeiture under the faithless servant doctrine. The first standard requires that the agent's "misconduct and unfaithfulness . . . substantially violate[ ] the contract of service," while the second requires that an agent "act[ ] adversely to his employer in any part of [a] transaction, or omit[ ] to disclose any interest which would naturally influence his conduct in dealing with the subject of [his] employment." *Carco Grp., Inc. v. Maconachy*, 383 F. App'x 73,

76 (2d Cir. 2010) (internal quotation marks omitted).  I need not address the question of whether an allegation that Plaintiff repeatedly overreported hours subordinates worked gives rise to an inference that Plaintiff breached his duty of fidelity under either standard, because Defendants' proposed amendments to the first counterclaim fail to state a claim for a different reason.

Specifically, Defendants' proposed amendments do not adequately address Plaintiff's contention that Defendants fail to plead their first counterclaim with particularity.  (Pl.'s Mem. 8.)  Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004); *see* Fed. R. Civ. P. 9(b).  In contrast, claims that sound in breach of loyalty occurring without "fraud or mistake" do not trigger Rule 9(b).  *Levy v. Young Adult Inst., Inc*., 103 F. Supp. 3d 426, 446–47 (S.D.N.Y. 2015) (holding that where the counterclaimant did not assert that its employee misrepresented the financial health of the company to induce a particular salary, that the employee made material misrepresentations in retaining specific compensation consultants and drafting the company's compensation policy to his benefit, nor that the employee's false certifications induced the organization to overpay him, "missing from [the counterclaimant's] allegations are the types of causal links essential to showing fraud").  Defendants argue that Rule 9(b) does not apply to their first counterclaim because it "does not sound in fraud," but rather is predicated on Plaintiff's breach of his fiduciary duties.  (Defs.' Repl. 2–3.)  Defendants are wrong, and fail to recognize the essence of the allegations in their first counterclaim.  It is clear that the gravamen of Defendants' counterclaim is Plaintiff's alleged fraudulent misrepresentations regarding hours worked.  *See Sheppard v. Manhattan Club Timeshare Ass'n, Inc*., No. 11 Civ. 4362(PKC), 2012 WL 1890388, at *8 (S.D.N.Y. May 23, 2012) ("When a breach of fiduciary duty claim is premised upon fraudulent misconduct, Rule 9(b) applies.").

Here, Defendants' faithless servant claim mirrors the very elements of a cause of action for fraud—that is, "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." *Levy*, 103 F. Supp. 3d at 444–45 (S.D.N.Y. 2015) (quoting *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 883 N.Y.S. 2d 147, 150 (2009)). Defendants claim that Plaintiff intentionally overreported hours, (*see* Defs.' Proposed Am. Answer ¶ 70), and moreover allege that Plaintiff's misrepresentations as to hours worked "were the direct and proximate cause of the claimed losses." *Levy*, 103 F. Supp. 3d at 445 (citing *Laub v. Faessel*, 745 N.Y.S.2d 534, 536 (2d Dep't 2002)). Indeed, Defendants draw a direct link between Plaintiff's alleged misstatements and Defendant BSDB's overpayment of wages in the amount of $157,000. (*See* Defs.' Proposed Am. Answer ¶¶ 70, 74.) Unlike the claims at issue in *Levy*, where the counterclaimant did not allege that "that [the employee] tricked the organization into taking action it would not otherwise have taken based on a specific misrepresentation," Defendants' faithless servant counterclaim is premised on Plaintiff's alleged fraudulent conduct. *Levy*, 103 F. Supp. 3d at 447. Defendants do not convincingly argue otherwise.

Rule 9(b) of the Federal Rules of Civil Procedure thus applies to Defendants' first counterclaim. Under this requirement, when a pleading alleges a negligent or fraudulent misrepresentation, the pleading must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Sec. & Exch. Comm'n v. Botvinnik*, No. 18-CV-8182 (VSB), 2019 WL 4738900, at *2 (S.D.N.Y. Sept. 29, 2019) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007)). To the extent that Defendants claim that Plaintiff misreported hours that he and his subordinates worked to Defendants, Defendants must

state these claims with the heightened pleading standard required under Rule 9(b).  *See, e.g.*, *Sesto v. Slaine*, 171 F. Supp. 3d 194, 201 (S.D.N.Y. 2016) (holding that an employer's counterclaims that an employee overreported the hours she worked did not provide factual allegations sufficient to meet Rule 9(b)'s particularity requirement).   !

Defendants allege no facts either in their original counterclaims or their proposed amendments describing when, where, or in relation to whom the reports were made.  Other than insufficient conclusory statements, Defendants fail to demonstrate through allegations the number of purportedly overreported hours for Plaintiff or any other employee, or any other allegations based upon direct or circumstantial evidence suggesting that Plaintiff misrepresented his or his subordinates' hours worked to Defendants.  This failure is particularly telling since documentation regarding hours worked and wages paid would presumably be in Defendants' possession.  As such, the proposed amended first counterclaim lacks the particularity required by Rule 9(b).

Because Defendants' modifications to their first counterclaim, as set forth in their proposed amendments, would be futile,[5] Defendants' motion for leave to amend their first counterclaim is DENIED.

### B.  *Second Proposed Amended Counterclaim*

To state a claim of conversion under New York law, "a plaintiff must show (1) 'legal ownership or an immediate superior right of possession to a specific identifiable thing' and (2) that the defendant 'exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights.'"  *Phansalkar*, 175 F. Supp.

---

[5] Since Defendants' Rule 9(b) deficiencies present sufficient grounds for dismissal of their first counterclaim, I need not address Plaintiff's argument regarding the unconstitutionality of the faithless servant doctrine.

2d at 639 (quoting *Pioneer Commercial Funding Corp. v. United Airlines, Inc.*, 122 B.R. 871, 884 (S.D.N.Y. 1991)).  Defendants' proposed amended second counterclaim pleads that BSDB owned the "tools, supplies, and materials that Plaintiff bought with the business credit card and that he used for his work" and that Plaintiff misappropriated "an air compression and a mechanical floor drain machine" without BSDB's authorization.  (Defs.' Proposed Am. Answer ¶¶ 76, 80.)

Plaintiff argues that Defendants raise no factual allegations showing that "the subject tools were ever in Plaintiff's possession or control after his termination or at any other time," let alone that Plaintiff intentionally took them.  (Pl.'s Opp. Mem. 10.)[6]  Plaintiff also argues that Defendants do not provide specific dates of the alleged wrongdoing, and consequently fail to show that the alleged conversion is within the statute of limitations for stating a conversion claim.  (*Id.* at 11–13.)  Moreover, Plaintiff avers that Defendants fail to specifically identify the property allegedly converted, as their listing of two items provides merely a "general description of personal items without specific identifying information."  (*Id.* at 14.)

I find that Defendants' threadbare allegation that Plaintiff misappropriated "an air compression and a mechanical floor drain machine" fails to establish a "specific identifiable thing" in which Defendants had "legal ownership or an immediate superior right of possession." *Phansalkar*, 175 F. Supp. 2d at 639 (internal quotation marks omitted).  Beyond their generic description of two types of allegedly misappropriated equipment, Defendants do not provide any

---

[6] Plaintiff also argues that Defendants' claim fails because Defendants "do not plead facts plausibly stating that any alleged conversion was intentional."  (Pl.'s Opp. Mem. 10.)  Without opining on this particular line of reasoning, I note that "[w]rongful intent simply is not an element of an otherwise valid conversion claim." *LoPresti v. Terwilliger*, 126 F.3d 34, 42 (2d Cir. 1997) (*citing Fashions Outlet of Am., Inc. v. Maharaj*, No. 88 Civ. 7231 (PNL), 1991 WL 143421, at *2 (S.D.N.Y. July 22, 1991) ("The tort of conversion does not require defendant's knowledge that he is acting wrongfully, but merely an intent to exercise dominion or control over property in a manner inconsistent with the rights of another.") (internal quotation marks omitted)).

further identifying details in either their original or amended counterclaim that would distinguish the particular air compressor or mechanical floor drain machine that Plaintiff allegedly took. Defendants do not allege facts that demonstrate or suggest the existence of records or receipts indicating that they owned any air compressors or mechanical floor drain machines, or that Plaintiff actually removed such equipment from Defendants' control at any point.  Nor do Defendants plead any facts giving rise to the inference that Plaintiff did indeed take these tools. Defendants' generic and conclusory statement that Plaintiff took "an air compression and a mechanical floor drain machine" from Defendants, without additional allegations supporting their claim of conversion, is insufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).[7]

Because Defendants' amendments to the second counterclaim fail to meet the pleading burden imposed under New York law, Defendants fail to sufficiently plead facts rising to state a plausible claim of conversion against Plaintiff.  Therefore, Defendants' motion for leave to amend is DENIED.

### C. *Third Proposed Amended Counterclaim*

To the extent that Defendants seek to withdraw their third counterclaim against Plaintiff, there appears no reason to deny Defendants' request for leave to amend their pleadings.  Indeed, Plaintiff consents to Defendants' abandonment of their third counterclaim.  (Pl.'s Opp. Mem. 5.) Defendants' third counterclaim is therefore DISMISSED.  Plaintiff's motion for judgment on the

---

[7] Although the unauthorized taking of money from a credit card belonging to Defendants could form the basis for a conversion claim, *see Pioneer Commercial Funding Corp. v. United Airlines, Inc.*, 122 B.R. 871, 885 (S.D.N.Y. 1991) ("There is no prohibition on instituting a conversion claim for money, provided it is 'specific money.'") (quoting *Indep. Disc. Corp. v. Bressner*, 365 N.Y.S.2d 44, 46 (2d Dep't 1975)); *see also Kubin v. Miller*, 801 F. Supp. 1101, 1118 (S.D.N.Y. 1992) ("Money can be the subject of a conversion action . . . when it can be segregated and identified.") (citing *Payne v. White*, 477 N.Y.S.2d 456, 458 (3d Dept. 1984)), here, Defendants have made no such claim, since they have not alleged that Plaintiff's initial purchase of the equipment was unauthorized, or, as discussed above, that specified equipment obtained using the credit card account belonging to Defendants was illegitimately retained by Plaintiff.

pleadings is accordingly rendered moot to the extent that it seeks dismissal of Defendants' third counterclaim.

### D. *Plaintiff's Motion to Dismiss Defendants' First and Second Counterclaims*

When faced with an amended complaint pending a motion to dismiss, a "district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020). Where, as here, "the proposed amended [pleading] does not seek to add new claims or parties, and the [opposing party] ha[s] had a sufficient opportunity to respond to the new pleading, then, for the purposes of procedural efficiency, the merits of the pending motion to dismiss ought to be considered in light of the proposed amended [pleading]." *Provepharm, Inc. v. Akorn, Inc*., No. 17-CV-7087(SJF)(AKT), 2019 WL 2443185, at *6 (E.D.N.Y. June 11, 2019) (quoting *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 139 (E.D.N.Y. 2017)). Accordingly, I consider the merits of Plaintiff's motion to dismiss as if it were directed at Defendants' proposed amended counterclaims.

For the reasons discussed above, neither Defendants' original counterclaims nor their proposed amendments suffice to raise a claim under Rule 12(b)(6). Indeed, the amendments that Defendants propose do not cure the deficiencies raised in Plaintiff's original motion for judgment on the pleadings. As such, Plaintiff's motion for judgment on the pleadings is GRANTED to the extent that it requests dismissal of Defendants' first and second counterclaims.

### IV.   <u>Conclusion</u>

For the foregoing reasons, Defendants' motion for leave to amend is DENIED. Plaintiff's motion for judgment on the pleadings is GRANTED in part, to the extent that it seeks dismissal of Defendants' first and second counterclaims, and DENIED in PART as moot, to the

extent that it seeks dismissal of Defendants' third counterclaim.

Because Defendants have already been afforded an opportunity to present proposed amendments to their counterclaims with the knowledge of Plaintiff's arguments as to their deficiencies, it is unlikely that I will grant Defendants further leave to amend absent presentation of extraordinary circumstances such as an intervening change in circumstances.  The Clerk of Court is respectfully directed to terminate the open motion at Document 23.

SO ORDERED.

Dated: January 12, 2021
      New York, New York

Vernon S. Broderick
United States District Judge