# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~~

**Abdul K. Hassan, Esq.**                                               Tel: 718-740-1000
Email: abdul@abdulhassan.com                                    Fax: 718-740-2000
*Employment and Labor Lawyer*                              Web: www.abdulhassan.com

**August 25, 2021**

**Via ECF**

Hon. Sarah Netburn, USMJ
United States District Court, SDNY
40 Foley Square,
New York, NY 10007

<u>**Re: Rubio v. BSDB Management Inc. et al**</u>
**Case No. 19-CV-11880 (VSB)(SN)**
**Motion for Settlement Approval**

Dear Magistrate-Judge Netburn:

My firm represents plaintiff Manuel Rubio ("Plaintiff"), in the above-referenced action, and I respectfully write to seek approval of the settlement in this action. Exhibit 1 is a copy of the fully executed settlement agreement which settles the wage and hour claims in this action including the FLSA claims.

There is a second settlement agreement between the parties which settled non-wage and hour and non-FLSA claims and includes mutual releases. As Defendants' letter at ECF No. 61 indicates, the parties have spent a lot of time and engaged in a lot of back and forth in resolving a lot of issues under *Cheeks* including during the past week. However, in the unique circumstances of this case, it can be argued that the non-wage and hour agreement does not conflict with the FLSA and the Second Circuit's precedent in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015). This second agreement is available for the Court's review if required.

The parties have consented to Your Honor's jurisdiction. (ECF No. 59).

As is usually directed by Courts, we will address the factors for approval set forth in *Wolinsky v. Scholastic Inc.* 900 F.Supp.2d 332, 335 -336 (S.D.N.Y.,2012). In this regard, the court in *Wolinsky*, 900 F.Supp.2d at 335, stated as follows:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

These factors are satisfied, and the settlement is fair and reasonable as more fully set forth below.

### 1. Plaintiff's Recovery

The claims are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of the NYLL.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information at the mediation conducted by a mediator from this Court's mediation panel. Plaintiff was employed by Defendants from in or around 1974 to in or around February 2018. The complaint in this action was filed on December 27, 2019. (See ECF No. 1).

Based on Plaintiff's interpretation of the records in the case, Plaintiff is owed unpaid overtime wages of about $37,663.25 under the NYLL six-year period – about $316 under the FLSA two-year period for non-willful violation - $7,505 under the FLSA three-year period for willful violations. Defendants may also be able to avoid the imposition of liquidated damages if they prove a good-faith affirmative defense. Defendant also disputes the work hours alleged by Plaintiff. Defendants deny Plaintiff's claims in this action including the allegations of unpaid overtime wages. Defendants primary defense is that Plaintiff was exempt from the overtime protections of the FLSA under the executive/managerial exemption. In general Defendants deny Plaintiff's allegations that he is owed wages and damages.

Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5000 each). The law as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

The total settlement amount between Plaintiff and Defendants is $23,463. Under the settlement, Plaintiff is due to receive $15,642 after a 1/3 contingency fee of $7,821. (See Ex. 1 ¶ 1(a)(1-3)).

### 2.  Avoidance of Burdens and Expenses

A very significant factor in the settlement outcome was the avoidance of litigation burdens and expenses. Continued litigation of the case will consume additional significant time and money on both sides. The need for Plaintiff to receive payment in an expeditious manner and for the parties to resolve their differences is also great.

### 3.  Seriousness of Litigation Risks

There are real and serious litigation risks for both sides in this action. First, the settlement amount is not insignificant and can be viewed as fully compensating Plaintiff for his unpaid wages under the FLSA. As such, there may be more downside than upside for Plaintiff from further litigation. Moreover, there is also disagreement between the parties as to the hours worked, wages paid and period of employment. One can also never predict with great certainty how a jury will decide.

Defendants deny Plaintiff's claims in this action including the allegations of unpaid overtime wages. Defendants primary defense is that Plaintiff was exempt from the overtime protections of the FLSA under the executive/managerial exemption.

### 4.  Arms' Length Dealings

The parties were represented by attorneys who vigorously advocated for their respective clients. The settlement was the product of arms' length negotiation where the parties were represented by experienced attorneys in the area of wage and hour litigation. The settlement followed a period of litigation and an unsuccessful mediation through the Court's mediation program. The amount in relation to the claims and defenses, further confirms that the settlement was the product of arms' length negotiations.

### 5.  Attorney's Fees

Under the settlement, Plaintiff's counsel is due to receive a 1/3 contingency fee of $7,821, costs. See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owes his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. *Hixholli v. Aqua* 3065 GC LLC et al, Case Number 19-CV-05654 (Judge Netburn - SDNY, November 25, 2019)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Knights v. Novitex Enterprise Solutions, Inc. et al*, 17-CV-9359, ECF No. 43, (Magistrate-Judge Netburn - August 30, 2018)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Martinez v. Zam Realty Management Company, LLC*, 15-CV-8880, ECF

No. 28, (Magistrate-Judge Netburn - September 1, 2016)(Approving a 1/3 contingency fee of about $16,513 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Qazi v. Mazs Mart Corp. et al,* Case No. 20-cv-11092 (Magistrate-Judge Gorenstein, SDNY June 16, 2021)(approving a 1/3 fee of $12,276 under *Cheeks*); *Kolenovic v. FSM Management, Inc. et al,* Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*); *Persaud v. Consulate General of Guyana in New York et al,* Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Coleman v. De Franco Pharmacy, Inc. et al* Case No. 17-CV-08340, ECF No. 33, (Magistrate-Judge Pitman – August 1, 2018), (approving a1/3 fee under *Cheeks* of about $14,094); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Bocanegra v. First Management Corp. et al,* Case No. 18-cv-00658, ECF No. 41, (Magistrate-Judge Pollak – June 14, 2019)(approving a 1/3 contingency fee of $19,772 under *Cheeks*); *Shamsundar v. FCS Grp. LLC*, No. 18CV2514KAMLB, 2019 WL 3716198, at 4 (E.D.N.Y. May 22, 2019)("Plaintiff's counsel seeks $19,012 (or 33%) of the total settlement award as attorney's fees after reimbursement of $963 in costs."); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Petrosyan v. Quality Frozen Foods, Inc. et al*, Case No.19-cv-01672 (Chief magistrate-Judge Mann - July 11, 2019)( approving 1/3 fee of $14,032 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Crockwell v. Richmond Hill Lumber & Supply Corp. et al*, Case No. 17-CV-05823 (PK) (approving a 1/3 contingency fee of $15,000 under Cheeks) (Magistrate-Judge Kuo – April 17, 2018); *Mena v. Disano Construction Co., Inc. et al*, Case No. 17-CV-04777 (Magistrate-Judge Kuo – April 5, 2018)(Approving a 1/3 contingency fee of $14,692 under Cheeks); *Castillo v. Cranes Express Inc. et al*, Case No. 18-CV-01271 (PKC)(LB)(Magistrate-Judge Bloom's R&R – December 12, 2018)(approving a 1/3 contingency fee of $23,079 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000).

   Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

   We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan     

By: Abdul K. Hassan, Esq.

**cc:  Defense Counsel via ECF**